**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-41 DOC (MLGx)                                        Date: January 28, 2011

Title: SONIA MARTINEZ, WALTER A. MARTINEZ v. COUNTRYWIDE HOME LOANS, RECONTRUST COMPANY

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                               Not Present
Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING PLAINTIFFS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND DENYING EX PARTE MOTION FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION TO STAY EVICTION

      Before the Court is Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order ("TRO Application") and Plaintiffs' *Ex Parte* Application for Preliminary Injunction and Permanent Injunction to Stay Eviction ("Preliminary Injunction Application"). For the following reasons, the Court hereby DENIES the TRO Application and DENIES the Preliminary Injunction Application.

    **I.    BACKGROUND**

      Plaintiffs Sonia Martinez and Walter A. Martinez ("Plaintiffs") filed a Complaint against Defendant Countrywide Home Loans Reconstrust Company ("Defendant") listing purported causes of action under the following federal statutes: 15 U.S.C. § 1635, 12 C.F.R. § 226, 12 U.S.C. § 2601. Plaintiffs also assert a claim to "quiet title" and a claim under California Unfair Business Practices law. The dispute appears to center on the ownership of property located at 967 S. Barton Ct, Anaheim, CA 92808. With the instant Application, Plaintiffs request that the Court "restrai[n] and enjoi[n] defendants . . . from engaging in or performing any act to deprive Plaintiffs of ownership or possession of their real property, including but not limited to, unlawful detainer, eviction, selling Plaintiffs' home

to third parties, recording any deeds or mortgages regarding the property, or from otherwise taking any steps whatsoever to deprive Plaintiffs of ownership or possession of the [Subject Property]." Pl.'s TRO App. at 1-2.

## II.   LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952). Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *see also Weinberer v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798 (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)). Alternatively, Courts have discretion to grant TROs where "a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips strongly in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell,* - - F.3d - - -, 2010 WL 2926463 at *7 (9th Cir. 2010).

## III.   DISCUSSION

### A.   TRO Application

Plaintiffs' TRO Application is properly denied because Plaintiffs have failed to show the possibility of irreparable injury if temporary relief is not granted. Plaintiffs state that they received notification that Defendant scheduled a foreclosure against Plaintiffs' property on September 3, 2010. Pl.'s TRO App. at 3. Plaintiffs appear to file the instant application out of speculative concern that an eviction will occur. However, Plaintiffs do not allege that an eviction is even scheduled, let alone provide the Court with a date for the eviction. "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). Plaintiffs have thus failed to show that they are entitled to the drastic remedy of emergency injunctive relief.

### B.   Preliminary Injunction Application

Plaintiffs' Preliminary Injunction Application is denied for the same reasons as set forth above. Plaintiffs' Preliminary Injunction Application is further denied because Plaintiffs' have not established

the need for *ex parte* relief.  Should Plaintiffs' wish to refile their Preliminary Injunction Application, they should proceed according to a regularly noticed motion schedule.

**IV.     DISPOSITION**

Accordingly, Plaintiffs' TRO Application and Preliminary Injunction Application are hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.